# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 16-460V
Filed: January 31, 2017
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| LINDA K. RUSSELL,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>    Respondent. | Attorneys' Fees and Costs;<br>Special Processing Unit ("SPU") |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Daniel Leeper, Leeper & Leeper, St. Petersburg, FL, for petitioner.*
*Jennifer Reynaud, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

  On April 11, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") following an influenza ("flu") vaccination administered on October 19, 2013. On November 17, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' joint stipulation. (ECF No. 16).

  On December 13, 2016, petitioner filed a motion for attorneys' fees and costs. (ECF No. 20.) Petitioner requests attorneys' fees in the amount of $16,015.00, and

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

attorneys' costs in the amount of $771.20.  *Id.* at 1.  In accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for several reasons.

First, petitioner requests compensation for billing entries for paralegal work at an attorney rate.[3]   Attorneys may be compensated for paralegal-level work, but at a rate that is comparable to what would be paid for a paralegal.  *See, e.g. Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.*, 99-382V, 2009 WL 3319818, *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-535, 2008 WL 5747914, *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).  The undersigned finds 1.9 hours of petitioner's counsel's billed time represents paralegal work, and not attorney work, and reduces petitioner's attorneys' fees request by $380.[4]

Second, petitioner requests compensation for work that has not yet occurred. Specifically, petitioner requests $300.00 for 1.5 hours of work described as "[r]easonably anticipated hours and work necessary to close file including review of remaining papers/pleadings necessary to resolve case and closing meeting with client to review all material and disperse check." (ECF No. 20-2 at 5.)  The Vaccine Act only provides for payment of attorney's fees that have actually incurred in a proceeding.  42 U.S.C. § 300aa 15(e)(1) (special masters may only award reimbursement for reasonable attorneys' fees "incurred in any proceeding on [the vaccine injury] petition"). Indeed, the fact that requested costs have yet to be incurred has been fatal to a variety of requests in other cases. *See, e.g., Fowler v. Sec'y of Health & Human Servs.*, No. 03–1974V, 2013 WL 5513880, at *1 (Fed.Cl.Spec.Mstr. Sept. 13, 2013) (denying an award of "purely speculative" costs because the costs had "not been incurred ... [and] may never be incurred"); *Barrett v. Sec'y of Health & Human Servs.*, No. 09-389V, 2014 WL 2505689, at *6 (Fed. Cl. May 13, 2014).  The undersigned reduces petitioner's counsel's fees request by 1.5 hours, or $450, for speculative anticipated work.

---

[3] For example:  "7/1/2015 Request to Dr. Allan Spiegel for prior and subsequent medical records. 0.20 [hours]" and "4/11/2016 Filing of Petitioner with cover sheet in the Court of Federal Claims.  Prepare and file Notice of Intent to File, Receipt and review of Notice of Designation.  0.80 [hours]." (ECF No. 20-2 at 2). The undersigned notes that these are just a few examples of a number of billing entries in this claim which reflect paralegal work is billed at the attorney rate.

[4] This amount represents the difference between petitioner's counsel's rate and petitioner's counsel's paralegal's rate.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $15,956.20[5] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Daniel James Leeper.**

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[5] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.